JUDGE KAPLAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

09 CIV 5419

------------------------------------------------------------x

CLIFTON LEWIS,

            Plaintiff,

    -against-

CITY OF NEW YORK, POLICE OFFICER ANDREW
KENNY, POLICE OFFICER FRANK BATISTA and POLICE
OFFICERS "JOHN DOE" whose identities are currently
unknown.

            Defendants.

------------------------------------------------------------x

**VERIFIED COMPLAINT**

JURY TRIAL DEMANDED

RECEIVED
JUN 11 2009
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, by his attorneys, MARK L. LUBELSKY AND ASSOCIATES, complaining of

the Defendants, alleges as follows:

## NATURE OF CASE

1.    This is an action by a citizen of the United States brought to remedy a deprivation of his

civil rights by person(s) acting under color of state law in violation of 42 U.S.C. Section 1983

seeking damages, and other appropriate legal and equitable relief.


## PROCEDURAL AND JURISDICTION PREREQUISITES

2.    Plaintiff has complied fully with all prerequisites to jurisdiction in this Court.  Jurisdiction

of the court is proper under 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 1983.

3.    As the unlawful practices complained of herein occurred within the Southern District of

New York, venue is proper.

## **PARTIES**

4.     Upon information and belief, that at all times hereinafter mentioned, Defendant THE CITY OF NEW YORK was and still is a municipal corporation having its principal place of business in the County, City and State of New York.

5.     Upon information and belief, that at all times hereinafter mentioned, Defendant THE CITY OF NEW YORK operated, maintained and was responsible for The New York City Police Department located in the County of Manhattan, City and State of New York.

6.     Upon information and belief POLICE OFFICER ANDREW KENNY deprived Plaintiff of his civil rights while acting under color of state law.

7.     Upon information and belief POLICE OFFICER FRANK BATISTA deprived Plaintiff of his civil rights while acting under color of state law.

8.     Upon information and belief POLICE OFFICERS "JOHN DOE" deprived Plaintiff of his civil rights while acting under color of state law.

9.     Upon information and belief defendant POLICE OFFICER ANDREW KENNY was employed by the New York City Police Department at all material times herein.

10.     Upon information and belief defendant POLICE OFFICER FRANK BATISTA was employed by the New York City Police Department at all material times herein.

11.     Upon information and belief defendant POLICE OFFICERS "JOHN DOE" was employed by the New York City Police Department at all material times herein.

12.     Upon information and belief defendant POLICE OFFICER ANDREW KENNY was employed by THE CITY OF NEW YORK at all material times herein.

13.   Upon information and belief defendant POLICE OFFICER FRANK BATISTA was employed by THE CITY OF NEW YORK at all material times herein.

14.   Upon information and belief defendant POLICE OFFICERS "JOHN DOE" was employed by THE CITY OF NEW YORK at all material times herein.

15.   At all material times herein, Plaintiff CLIFTON LEWIS was and is a resident of the State of New York.

16.   Plaintiff at all relevant times herein, resided at 2855 8th Avenue, Apt. 4B, New York, NY 10039.


## MATERIAL FACTS

17.   On or about July 30, 2008, at or about 3:30 p.m. Plaintiff was lawfully on public street at or about Saint Nicholas Avenue and West 147th Street in the City of New York.

18.   On or about July 30, 2008, at or about 3:30 p.m. Plaintiff lawfully attempted to cross the street at the above location.

19.   At all material times herein, Plaintiff was and is legally blind.

20.   On or about July 30, 2008, while attempting to lawfully cross the street, Plaintiff was approached by the individual Defendant(s), officers of the New York City Police Department.

21.   On or about July 30, 2008, Plaintiff was assaulted and/or battered by the individual Defendants without any reasonable suspicion, probable cause or any other justifiable degree of suspicion.

22.     On or about July 30, 2008, Plaintiff was assaulted and/or battered by the individual Defendant(s) without any reasonable suspicion, probable cause or any other justifiable degree of suspicion.

23.     On or about July 30, 2008, Plaintiff was thrown multiple times into the side of a police van by the individual Defendant(s) until he fell to the ground in a semi-conscious state.

24.     On or about July 30, 2008, after Plaintiff fell to the ground, the individual Defendant(s) kicked and stomped-on Plaintiff.

25.     On or about July 30, 2008, Plaintiff was unlawfully arrested by the Defendants without a warrant.

26.     On or about July 30, 2008, Plaintiff was unlawfully arrested by the Defendants without reasonable suspicion, probable cause, exigent circumstances or any other valid basis for a warrantless arrest.

27.     On or about July 30, 2008, Plaintiff did not engage in any conduct, behavior or activity that was criminal, suspicious, or dangerous to himself or others.

28.     On or about July 30, 2008, Defendants unlawfully handcuffed Plaintiff and did not read Plaintiff his <u>Miranda</u> rights.

29.     On or about July 30, 2008, Plaintiff was unlawfully detained and unlawfully imprisoned for a prolonged period of time.

30.     On or about July 30, 2008, Plaintiff did not threaten Defendants in any manner at any point.

31.     On or about July 30, 2008, at no time during the events described herein was Plaintiff intoxicated, a threat to the safety of himself or others or disorderly.

32.     Upon information and belief, Defendants intentionally attempted to deprive Plaintiff of his liberty in violation of his civil rights.

33.     Upon information and belief, Defendants intentionally deprived Plaintiff of his liberty.

34.     On or about July 30, 2008, Plaintiff was deprived of his civil rights by Defendants while acting under color of state law.

35.     On or about July 30, 2008, Defendants confined Plaintiff to a bounded area.

36.     On or about July 30, 2008, Defendants intended to confine Plaintiff to a bounded area.

37.     On or about July 30, 2008, Defendants falsely imprisoned Plaintiff.

38.     On or about July 30, 2008, Defendants wrongfully arrested Plaintiff.

39.     On or about July 30, 2008, Defendants wrongfully imprisoned Plaintiff.

40.     Upon information and belief, Defendants' entire course of conduct against Plaintiff was as a result of a lack of training by Defendant CITY OF NEW YORK.

41.     Upon information and belief, Defendants' entire course of conduct against Plaintiff was as a result of a lack of improper supervision by Defendant CITY OF NEW YORK.

42.     Upon information and belief, Defendants' entire course of conduct against Plaintiff was as a result of a lack of improper hiring by Defendant CITY OF NEW YORK.

43.     As a result of Defendants' actions, Plaintiff had a reasonable apprehension of immediate harmful and offensive touching.

44.     There was no justification for the amount of force use by Defendants in their detention of Plaintiff.

45.     Defendants' behavior was towards Plaintiff on or about July 30, 2008, was prohibited by federal law.

46.   Defendants' use of force was excessive and unreasonable given the circumstances.

47.   Plaintiff's right not to be subject to the illegal conduct of Defendants described herein was clearly established on or about July 30, 2008.

48.   It was objectively reasonable for Defendants to know that their conduct violated the rights of Plaintiff on or about July 30, 2008.

49.   It was objectively reasonable for the Defendants to know that there was no lawful basis for the arrest, detention and imprisonment of Plaintiff on or about July 30, 2008.

50.   It was objectively unreasonable that the Defendants did not know that their conduct violated the rights of Plaintiff on or about July 30, 2008.

51.   It was objectively unreasonable that the Defendants did not know that there was no lawful basis for the arrest, detention and imprisonment of Plaintiff on or about July 30, 2008.

52.   A reasonable officer in Defendants' position would not have thought his/her actions were lawful on or about July 30, 2008.

## AS A FIRST CAUSE OF ACTION

53.   Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "51" inclusive, with the same force and effect as if more fully set forth at length herein.

54.   Plaintiff has been deprived of his civil rights by Defendants while acting under color of state law in violation of 42 USC § 1983.

55.   That by reason of the foregoing, Plaintiff has suffered damages and seeks recovery compensatory damages and reasonable attorneys' fees and costs from all Defendants and punitive

damages from all individual Defendants, in an amount to be determined upon the trial of this action.

## AS A SECOND CAUSE OF ACTION

56.     Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "54" inclusive, with the same force and effect as if more fully set forth at length herein.

57.     Defendants had a duty to properly train Defendant Officers and Defendants failed to properly train Defendant Officers.

58.     The failure to properly train Defendant Officers caused Plaintiff to be deprived of his civil rights by a person(s) acting under color of state law in violation of 42 USC § 1983.

59.     The failure to properly train Defendant Officers caused Plaintiff to be deprived of his civil rights by the Defendants acting under color of state law in violation of 42 USC § 1983.

60.     Defendants had a duty to properly supervise Defendant Officers and Defendants failed to properly supervise Defendant Officers.

61.     The failure to properly supervise Defendant Officers caused Plaintiff to be deprived of his civil rights by a person(s) acting under color of state law in violation of 42 USC § 1983.

62.     That by reason of the foregoing, Plaintiff has suffered damages and seeks recovery compensatory damages and reasonable attorneys' fees and costs from all Defendants and punitive damages from all individual Defendants, in an amount to be determined upon the trial of this action.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount to be determined at trial including but not limited to compensatory damages against all Defendants and punitive against the Defendant Officers together with attorneys' fees and the costs and disbursements of this action.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: New York, New York
      May 22, 2009

MARK L. LUBELSKY AND ASSOCIATES

By:_____
David Gottlieb, Esq.
Attorneys for Plaintiff
123 West 18th Street, Eighth Floor
New York, New York 10011
(212) 242-7480

## CLIENT VERIFICATION

Clifton Lewis, being duly sworn deposes and says the following under the penalties of perjury:

I am the named Plaintiff in the within action, and as such, I am fully familiar with all the facts and circumstances herein.  I have read the foregoing Complaint, and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters, I believe them to be true.

Dated:     New York, New York
           May 22, 2009

_____
Clifton Lewis

Sworn to before me on this the _____ day of _____, 2009.

_____
Notary Public: State of New York

Diana Morales
Notary Public: State of New York
No. 01MO6183056
Qualified in Bronx County
Commission Expires March. 10. 2012